IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS AQUILANTE,<br>Petitioner | : | No. 3:23-cv-1865 |
| | : | (Judge Munley) |
| v. | : | |
| UNITED STATES OF AMERICA,<br>Respondent | : | |

## MEMORANDUM

### I. Background

Nicholas Aquilante, a former inmate confined in the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

Aquilante challenges the Bureau of Prisons' (BOP) computation of his federal sentence. Id. Specifically, he believes he should be credited with 132 days of inoperative time during his escape because he was never charged or disciplined for the escape. Id. For relief, Aquilante requests he be credited with time not spent in official detention and that "his statutory release date should return to October 16, 2023" so that he could "be immediately released." Id.

A review of the Federal Bureau of Prisons Inmate Locater reveals that Aquilante was released from federal custody on April 5, 2024. See https://www.bop.gov/inmateloc/.

For the reasons set forth below, the instant petition will be dismissed as moot.

## II.   Discussion

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or

controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982).

In the instant case, because Aquilante has been released from custody, his habeas petition has been rendered moot. See Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008).

### III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be dismissed. An appropriate order will follow.

Date: 4/10/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Judge